MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218



SEP 2 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE PATTERSON**

-----------------------------------X

UNITED STATES OF AMERICA,  :

       - v -  :

$42,000.00 IN FUNDS FORMERLY  :
HELD AT WESTCHESTER BMW IN THE
NAME OF ELVIN CONCEPCION,  :
AND ANY AND ALL PROPERTY TRACEABLE
THERETO,  :

               Defendant-in-rem.  :

-----------------------------------X

VERIFIED COMPLAINT

07 Civ.

**07 CIV 8326**

Plaintiff United States of America, by its attorney,
Michael J. Garcia, United States Attorney for the Southern
District of New York, for its verified complaint alleges, upon
information and belief, as follows:

I. JURISDICTION AND VENUE

1.  This action is brought by the United States of
America seeking the forfeiture of $42,000.00 in funds formerly
held at Westchester BMW in the name of Elvin Concepcion, and any
and all property traceable thereto (the "DEFENDANT FUNDS"). The
DEFENDANT FUNDS are subject to forfeiture pursuant to 18 U.S.C §
981(a)(1)(A), as property involved in money laundering
transactions in violation of 18 U.S.C. §§ 1956 and 1957, and
pursuant to 21 U.S.C. § 881(a)(6) as monies furnished in exchange

for a controlled substance, proceeds traceable to such an exchange, and moneys used or intended to be used to facilitate such an exchange.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT FUNDS were found and seized in the Southern District of New York.

3.    The DEFENDANT FUNDS are presently in the custody of the United States Marshals Service.

## II. PROBABLE CAUSE FOR FORFEITURE

4.    From at least in or about December 2006 through in or about April 2007, Jose Concepcion and his brother Elvin Concepcion participated in a cocaine trafficking and money laundering organization operating in the New York metropolitan area.  This illegal drug business was lucrative and generated millions of dollars in cash.

5.    Elvin Concepcion's responsibilities in this drug trafficking operation included packaging and laundering large quantities of cash.  For example, on or about February 16, 2007, Jose Concepcion coordinated a cash delivery of drug proceeds that was to take place later that night.  He provided instructions to Elvin Concepcion on how to package the cash.  Elvin Concepcion

2

received the instructions while at his residence, ███████

████████████, Greenburgh, New York (the "Residence").   Later

that night, agents seized approximately $1.35 million in United

States currency from a tractor trailer at Snake Hill Road, West

Nyack, New York.   The driver stated that the money was not his

and that he did not know how it had arrived in his vehicle.   Part

of the cash seized included the cash that Elvin Concepcion had

packaged.

6.   On or about April 6, 2007, Elvin Concepcion was

charged, in a complaint filed in New York County Criminal Court,

with, inter alia, criminal possession of a controlled substance

with intent to sell, in violation of New York Penal Law Section

220.16(1), and money laundering, in violation of New York Penal

Law Section 470.20(1)(a)(ii)(A).   He was later indicted by a

state grand jury for money laundering and drug trafficking

offenses, and is in custody while the state case is pending.

7.   On the day of Elvin Concepcion's arrest, law

enforcement executed a search warrant of the Residence.   During

the search, they found, among other things, an electronic money

counter, a heat sealer, numerous rolls of plastic and tape, empty

wrappings, and handwritten ledgers with various amounts.   Drug

dealers use these types of materials to package narcotics

proceeds and maintain records of drug dealings.   Law enforcement

also found surveillance cameras installed at each corner of the

3

Residence and approximately $96,000 in cash.  Drug dealers
frequently use surveillance cameras to protect drugs and drug
proceeds.

8.   According to a bail application that Elvin
Concepcion prepared on the day of his arrest, he reported that he
is a cashier at a deli and earns $800 on a biweekly basis.  Based
upon this information, Elvin Concepcion's purported annual salary
would be approximately $20,800 a year.

9.   Upon information and belief, one method used by
Elvin Concepcion to launder drug proceeds was through the
purchase of vehicles.

10.   On or about April 5, 2007, Elvin Concepcion
provided a Spider Ferrari to Westchester BMW, which was to be
used as a trade-in for a 2007 BMW.  Westchester BMW then sold the
Spider Ferrari for $50,000.  The company held the proceeds of the
sale, the DEFENDANT FUNDS, in the name of Elvin Concepcion.

11.   On or about May 7, 2007, DEA agents executed a
federal seizure warrant of the DEFENDANT FUNDS.

12.   The Spider Ferrari was registered to Elvin
Concepcion's brother, Guillermo Concepcion.

13.   Upon information and belief, Elvin Concepcion and
Jose Concepcion frequently placed property purchased using drug
proceeds and property used to facilitate their drug business in
the name of their brother, Guillermo Concepcion.  For example,

4

title of the Residence is held in the name of Guillermo Concepcion.

### III. <u>CLAIMS FOR FORFEITURE</u>

14.   The allegations contained in paragraphs one through thirteen of this Verified Complaint are incorporated herein.

15.   The DEFENDANT FUNDS are subject to forfeiture pursuant to the following statutory provisions:

### <u>Section 981(a)(1)(A) of Title 18 of the United States Code</u>

16.   Title 18, United States Code, § 981(a)(1)(A) subjects to forfeiture "[a]ny property real or personal involved in a transaction or attempted transaction in violation of . . . section 1956, 1957 . . . of this title, or any property traceable to such property."

17.   Title 18, United States Code, § 1956(a) provides:

(a)(1) [w]hoever knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct a financial transaction which in fact involves the proceeds of specified unlawful activity –

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or (ii) with intent to engage in conduct constituting a violation of Section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part -- (i) to conceal or disguise the nature, the location, the source of ownership, or the control of the proceeds

of specified unlawful activity; or to avoid a transaction reporting requirement under State or Federal law.

18.   A "financial transaction," as defined by 18 U.S.C. § 1956(c)(4), includes "a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments . . . ."

19.   "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense under 18 U.S.C. § 1961(1).   Section 1961(1) lists as an offense "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic or other dangerous drugs, punishable under any law of the United States."

20.   Title 18, United States Code, § 1957 provides, in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

> *     *     *

> (d) The circumstances referred to in subsection (a) are --

> (1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States . . . . Because the Defendant Funds relate to the concealment and

6

laundering of narcotics proceeds, such funds
are subject to forfeiture pursuant to 18
U.S.C. § 981(a)(1)(A) as they represent
property involved in a transaction or
attempted transaction in violation of 18
U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)
and 1956(a)(1)(B)(ii), and property traceable
to such property.

21.   Because the Defendant Funds relate to the

concealment and laundering of narcotics proceeds, such funds are

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as

they represent property involved in a transaction or attempted

transaction in violation of 18 U.S.C. §§ 1956 and 1957, and

property traceable to such property.

### Section 881 of Title 21 of the United States Code

22.   Title 21, United States Code, § 881(a)(6) subjects

to forfeiture:

All moneys, negotiable instruments,
securities, or other things of value
furnished or intended to be furnished by any
person in exchange for a controlled substance
. . . in violation of [Subchapter I of Title
21], all proceeds traceable to such an
exchange, and all moneys, negotiable
instruments, and securities used or intended
to be used to facilitate any violation of
[Subchapter I of Title 21] . . . .

23.   The Defendant Funds are subject to forfeiture

because they are proceeds traceable to exchanges of controlled

substances in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The

Defendant Funds are therefore subject to forfeiture pursuant to

21 U.S.C. § 881(a)(6).

7

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT FUNDS and that all persons having an interest in the DEFENDANT FUNDS be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT FUNDS to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York

September 24, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____

ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2218

8

<u>VERIFICATION</u>

STATE OF NEW YORK                )
COUNTY OF NEW YORK               :
SOUTHERN DISTRICT OF NEW YORK )

     Jarod Forget, being duly sworn, deposes and says that he is a special agent with the Drug Enforcement Administration, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

     The sources of deponent's information and the grounds of his belief are his own personal observations and discussions with and documents prepared by other law enforcement officers and others.

                               _____
                                Special Agent Jarod Forget
                                Drug Enforcement Administration

Sworn to before me this
24ᵗʰ day of September, 2007

_____
NOTARY PUBLIC

FINZI
AMY McGRANGE
Notary Public, State of New York
No. 02MC6044104
Qualified in New York County
Commission Expires June 26, 2010